United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH SALEH ALSHEIKH,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB LEW, ET AL.,<br><br>    Defendant. | Case No. 3:15-cv-03601-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 21 |

In this action for declaratory and injunctive relief, Plaintiff Abdullah Saleh Alsheikh alleges that certain provisions of the Foreign Account Tax Compliance Act, 26 U.S.C. §§ 1471–74, are unconstitutional. The government moves to dismiss Plaintiff's Compliant on several grounds, including standing. Because the Court concludes that Plaintiff lacks Article III standing, the Court grants the government's motion.

## I.   BACKGROUND

"Congress passed the Foreign Accounts Tax Compliance Act ('FATCA') in 2010 to improve compliance with tax laws by U.S. taxpayers holding foreign accounts." Crawford v. United States Dep't of the Treasury, No. 15-cv-250, 2015 WL 5697552, at *1 (S.D. Ohio Sept. 29, 2015). "FATCA accomplishes this through two forms of reporting: (1) by foreign financial institutions (FFIs) about financial accounts held by U.S. taxpayers or foreign entities in which U.S. taxpayers hold a substantial ownership interest, 26 U.S.C. § 1471; and, (2) by U.S. taxpayers about their interests in certain foreign financial accounts and offshore assets. 26 U.S.C. § 6038D." Id.

Plaintiff Abdullah Saleh Alsheikh is a U.S. citizen working abroad in the Kingdom of Saudi Arabia. ECF No. 1 at 2. Plaintiff, proceeding pro se, filed a Complaint on August 06, 2015,

seeking to invalidate certain provisions of FATCA on five grounds. Id. at 4–13. According to Plaintiff, FATCA "threatens the privacy rights of United States Citizens who own foreign bank accounts, including American expats, by requiring banks to disclose priv[ate] information of the account owner without any chance for the citizen to object, and without any suspicion of wrong doing by the citizen." Id. at 1. Claim one alleges that FATCA violates the Tenth Amendment of the U.S. Constitution and cannot be justified under Congress' commerce or tax powers. Id. at 4–5. Claim two challenges FATCA on the basis that the information it requires foreign institutions to provide to the U.S. government constitutes an unlawful search under the Fourth Amendment. Id. at 7–8. Claims three through five seek to invalidate FATCA because the law allegedly violates Plaintiff's procedural due process, substantive due process, and equal protection rights. Id. at 8–13.

On November 3, 2015, the government moved the Court to dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 21. The government argues the Court should dismiss Plaintiff's suit for lack of subject matter jurisdiction because Plaintiff has failed to establish Article III standing and the relief Plaintiff seeks is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a). The government also asserts that the Complaint fails to state a claim upon which relief can be granted.

## II.   LEGAL STANDARDS

"[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (internal citations omitted) (internal quotation marks omitted). An injury is "actual or imminent" if it is "certainly impending," because "[a]llegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (internal citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." Lujan, 504 U.S. at 560 (citing Simon

1  v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41–42 (1976)) (alterations in original). "Third, it
2  must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable
3  decision." Id. at 560–61 (internal citations omitted) (internal quotation marks omitted).
4      Each element of standing "must be supported in the same way as any other matter on
5  which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required
6  at the successive stages of the litigation." Id. at 561. "At the pleading stage, general factual
7  allegations of injury resulting from the defendant's conduct may suffice." Id. A "court's
8  obligation to take a plaintiff at its word at that stage in connection with Article III standing issues
9  is primarily directed at the injury in fact and causation issues, not redressability." Levine v.
10 Vilsack, 587 F.3d 986, 996–97 (9th Cir. 2009) (citing Lujan, 504 U.S. at 561). "[I]t is within the
11 trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or
12 by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing."
13 Warth v. Seldin, 422 U.S. 490, 501–02 (1975).

## III.  ANALYSIS

    The Government moves to dismiss Plaintiff's Complaint on a number of grounds. The Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has not shown that he has Article III standing. The Court will therefore grant the government's motion on that basis and will decline to reach the government's remaining arguments.

### A.  Article III Standing

    The "injury in fact" element "requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." Lujan, 504 U.S. at 563 (quoting Sierra Club v. Morton, 405 U.S. 727, 734 (1972)). The purpose of requiring direct injury is the judicial system's "rough attempt to put the decision as to whether review will be sought in the hands of those who have a direct stake in the outcome." Morton, 405 U.S. at 740. As a result, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy. " Lujan, 504 U.S. at 573–74.

1    Here, Plaintiff has not identified any particular injury that he has suffered. The Complaint
2    contains only two sentences specifying how FATCA has allegedly harmed Plaintiff. First,
3    Plaintiff alleges that he "is damaged since [FATCA] forces financial institutions in Saudi Arabia
4    to disclose constitutionally protected information." ECF No. 1 at 2. Second, Plaintiff alleges that
5    he has been injured in that he "is an American expat who is affected by [FATCA] since he has
6    foreign bank accounts." ECF No. 1 at 4. However, Plaintiff does not allege any facts detailing
7    whether any financial institution in Saudi Arabia, or otherwise, has, in fact, been required under
8    FATCA to provide Plaintiff's financial information to the U.S. government. Moreover, as the
9    government notes, "Plaintiff does not allege that he has had any application for an account denied
10   or any account closed." ECF No. 21-1 at 9. As a result, Plaintiff has failed to allege that he
11   "himself [is] among the injured." Lujan, 504 U.S. at 563

12   The remainder of Plaintiff's complaint raises "a generally available grievance about the
13   government," Lujan, 504 U.S. at 573. See, e.g., ECF No. 1 at 1 ("The act threatens the privacy
14   rights of United States Citizens who own foreign bank accounts, including American expats, by
15   requiring banks to disclose priv[ate] information of the account owner without any chance for the
16   citizen to object, and without any suspicion of wrong doing by the citizen."); ECF No. 1 at 2
17   ("The act violates the fourth amendment right of foreign financial institutions and account holders
18   by requiring American payers to withhold payments for the government."); ECF No. 1 at 5
19   ("FATCA imposes penalties on foreign financial institutions and in some cases o[n] persons who
20   fail to comply with the act. The act also requires the closure of accounts of citizens who fail to
21   give a waiver of privacy wherever required by law. Closure of bank accounts causes a lot of
22   problems to such people."). Such "generally available grievance[s]" do not constitute injury-in-
23   fact. Lujan, 504 U.S. at 573.

24   In his Opposition Brief, Plaintiff offers no argument to support a finding that he "himself
25   [is] among the injured." Lujan, 504 U.S. at 563; see ECF No. 27 at 11–14. Accordingly, the
26   Court concludes that Plaintiff lacks Article III standing because he has failed to sufficiently allege

injury-in-fact.[1]

## IV. CONCLUSION

Plaintiff has not established that he has Article III standing. Accordingly, the Court grants the government's motion to dismiss without prejudice. Plaintiff may file an amended complaint within 30 days of the filing date of this order.

IT IS SO ORDERED.

Dated: April 7, 2016

_____
JON S. TIGAR
United States District Judge

---

[1] Because the Court concludes that Plaintiff does not meet the injury-in-fact requirement, the Court declines to address the causation and redressability requirements for Article III standing.

United States District Court
Northern District of California