UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH SALEH ALSHEIKH,<br><br>    Plaintiff,<br><br>    v.<br><br>JACOB LEW, et al.,<br><br>    Defendants. | Case No. 15-cv-03601-JST<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: ECF No. 33 |

Plaintiff Abdullah Saleh Alsheikh alleges that certain provisions of the Foreign Account Tax Compliance Act, 26 U.S.C. §§ 1471–74, are unconstitutional. The government moves to dismiss Plaintiff's Amended Compliant on several grounds, including standing. The Court previously granted the government's motion to dismiss Plaintiff's original complaint based on a lack of standing. Because the Court continues to conclude that Plaintiff lacks Article III standing, the Court will grant the government's motion and dismiss the Amended Complaint without leave to amend.

## I.   BACKGROUND

"Congress passed the Foreign Accounts Tax Compliance Act ('FATCA') in 2010 to improve compliance with tax laws by U.S. taxpayers holding foreign accounts." Crawford v. United States Dep't of the Treasury, No. 15-cv-250, 2015 WL 5697552, at *1 (S.D. Ohio Sept. 29, 2015). "FATCA accomplishes this through two forms of reporting: (1) by foreign financial institutions (FFIs) about financial accounts held by U.S. taxpayers or foreign entities in which U.S. taxpayers hold a substantial ownership interest, 26 U.S.C. § 1471; and, (2) by U.S. taxpayers about their interests in certain foreign financial accounts and offshore assets. 26 U.S.C. § 6038D." Id.

Plaintiff Abdullah Saleh Alsheikh is a U.S. citizen working abroad in the Kingdom of

Saudi Arabia. ECF No. 33 at 2. Plaintiff, proceeding pro se, filed a Complaint on August 6, 2015, seeking to invalidate certain provisions of FATCA on five grounds. ECF No. 1 at 4–13. According to Plaintiff, FATCA "threatens the privacy rights of United States Citizens who own foreign bank accounts, including American expats, by requiring banks to disclose priv[ate] information of the account owner without any chance for the citizen to object, and without any suspicion of wrong doing by the citizen." Id. at 1. Claim one alleges that FATCA violates the Tenth Amendment of the U.S. Constitution and cannot be justified under Congress' commerce or tax powers. Id. at 4–5. Claim two challenges FATCA on the basis that the information it requires foreign institutions to provide to the U.S. government constitutes an unlawful search under the Fourth Amendment. Id. at 7–8. Claims three through five seek to invalidate FATCA because the law allegedly violates Plaintiff's procedural due process, substantive due process, and equal protection rights. Id. at 8–13.

On April 7, 2016, the Court granted the government's motion to dismiss the original complaint, concluding that "Plaintiff has not identified any particular injury that he has suffered." ECF No. 31 at 4. On May 7, 2016, Plaintiff filed an Amended Complaint, which is nearly identical to the original complaint except for the addition of an approximately two page section entitled "Article III Standing." ECF No. 32 at 3–5. On May 24, 2016, the government moved to dismiss the Amended Complaint on several grounds, including a lack of Article III standing. ECF No. 33.

## II.  LEGAL STANDARDS

"[T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (internal citations omitted) (internal quotation marks omitted). An injury is "actual or imminent" if it is "certainly impending," because "[a]llegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (internal citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of — the injury has to

2

1  be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the
2  independent action of some third party not before the court." Lujan, 504 U.S. at 560 (citing Simon
3  v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41–42 (1976)) (alterations in original). "Third, it
4  must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable
5  decision." Id. at 560–61 (internal citations omitted) (internal quotation marks omitted).

6      Each element of standing "must be supported in the same way as any other matter on
7  which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required
8  at the successive stages of the litigation." Id. at 561. "At the pleading stage, general factual
9  allegations of injury resulting from the defendant's conduct may suffice." Id. A "court's
10  obligation to take a plaintiff at its word at that stage in connection with Article III standing issues
11  is primarily directed at the injury in fact and causation issues, not redressability." Levine v.
12  Vilsack, 587 F.3d 986, 996–97 (9th Cir. 2009) (citing Lujan, 504 U.S. at 561). "[I]t is within the
13  trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or
14  by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing."
15  Warth v. Seldin, 422 U.S. 490, 501–02 (1975).

16  **III.  ANALYSIS**

17      The government moves to dismiss Plaintiff's Amended Complaint on a number of
18  grounds. ECF No. 33. Once again, the Court concludes that it lacks subject matter jurisdiction
19  over Plaintiff's claims because Plaintiff has not shown that he has Article III standing. The Court
20  will therefore grant the government's motion on that basis, without reaching the government's
21  remaining arguments.

22      **A.  Article III Standing**

23      The "injury in fact" element "requires more than an injury to a cognizable interest. It
24  requires that the party seeking review be himself among the injured." Lujan, 504 U.S. at 563
25  (quoting Sierra Club v. Morton, 405 U.S. 727, 734 (1972)). The purpose of requiring direct injury
26  is the judicial system's "rough attempt to put the decision as to whether review will be sought in
27  the hands of those who have a direct stake in the outcome." Morton, 405 U.S. at 740. As a result,
28  "a plaintiff raising only a generally available grievance about government—claiming only harm to

his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." Lujan, 504 U.S. at 573–74.

The Court previously dismissed the original Complaint, stating:

> Plaintiff has not identified any particular injury that he has suffered. The Complaint contains only two sentences specifying how FATCA has allegedly harmed Plaintiff. First, Plaintiff alleges that he "is damaged since [FATCA] forces financial institutions in Saudi Arabia to disclose constitutionally protected information." ECF No. 1 at 2. Second, Plaintiff alleges that he has been injured in that he "is an American expat who is affected by [FATCA] since he has foreign bank accounts." ECF No. 1 at 4. However, Plaintiff does not allege any facts detailing whether any financial institution in Saudi Arabia, or otherwise, has, in fact, been required under FATCA to provide Plaintiff's financial information to the U.S. government. Moreover, as the government notes, "Plaintiff does not allege that he has had any application for an account denied or any account closed." ECF No. 21-1 at 9. As a result, Plaintiff has failed to allege that he "himself [is] among the injured." Lujan, 504 U.S. at 563.

ECF No. 31 at 4. The government argues that the Amended Complaint still fails to allege standing because "[t]here is still no allegation that any financial institution has been required to provide any of Plaintiff's bank account information to the United States government." ECF No. 33 at 3. Moreover, the government argues, "merely stating the he owns accounts that *could be* subject to reporting is insufficient." Id. (emphasis added).

The Court agrees with the government in this respect. While the Amended Complaint does add the allegation that "Mr. Alsheikh owns bank accounts that *will* be [the] subject of reporting," ECF No. 32 at 3 (emphasis added), Plaintiff does not allege that any financial institutions have been required to divulge his bank account information to the U.S. government. See also ECF No. 35 at 11 (Opposition brief, stating: "while no information was reported yet, the danger of reporting is [im]minent."). Indeed, Mr. Alsheikh provides no factual allegations regarding his bank accounts at all, making it impossible for the Court to plausibly infer, for instance, that his bank account could potentially be subject to reporting because the "account . . . exceed[s] $50,000," as required by the statute. 26 U.S.C. § 1471(d)(1)(B); ECF No. 33 at 3.[1]

---

[1] In this respect, Plaintiff's Opposition brief admits that he does not know whether or not any of

Additionally, the Amended Complaint does not sufficiently allege that the threatened harm is "imminent," as opposed to "conjectural or hypothetical." Lujan, 504 U.S. at 560–61. Although the Amended Complaint alleges that "Saudi Arabia has reached an agreement on substance to an Intergovernmental Agreement (IGA) to enforce FATCA," the Amended Complaint itself admits that the IGA has not yet been implemented, but rather that it "may be signed any time and will endanger the privacy of the plaintiff." ECF No. 32 at 4. Such allegations of "hypothetical" future harms do not satisfy Article III standing. Lujan, 504 U.S. at 560–61.

## CONCLUSION

Accordingly, the Court once again concludes that Plaintiff does not have Article III standing to pursue his claims. Because the Court previously gave Plaintiff an opportunity to amend his complaint to allege standing, and Plaintiff failed entirely to do so, the Court concludes that further amendment would be futile. As a result, the Court dismisses Plaintiff's Amended Complaint without leave to amend. Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) ("Because any amendment would be futile, there is no need to prolong the litigation by permitting further amendment.").

IT IS SO ORDERED.

Dated: August 22, 2016

_____
JON S. TIGAR
United States District Judge

---

his bank accounts would be subject to reporting: "account values continue to change and a plaintiff, any plaintiff may reasonably not know whether at the time of reporting set by the regulation, his bank account will be or will not be under this requirement . . . ." ECF No. 35 at 12.